## TRINITY & B. V. RY. CO. v. GEPPERT.

(Court of Civil Appeals of Texas. Feb. 11, 1911. Rehearing Denied March 4, 1911.)

COMMERCE (§ 61*)—INTERSTATE COMMERCE—CONSTITUTIONAL LAW.

Sayles' Ann. Civ. St. Supp. 1897–1904, arts. 4502c-d-e, providing for penalties against railroads for each day freight is held after payment or tender of freight charges, or holding freight for collection of excess of freight thereon, is in conflict with Act Cong. Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), regulating interstate commerce, and as to interstate shipments of freight is void.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 61.*]

Appeal from Freestone County Court; R. L. Williford, Judge.

Action by A. B. Geppert against Trinity & Brazos Valley Railway Company. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

Andrews, Ball & Streetman, W. S. Terrell, and Williams & Bradley, for appellant. Wroe & Geppert, for appellee.

RAINEY, C. J. Appellee loaded a car with household goods, books, corn, etc., and the same was shipped at Vermillion, S. D., over the Chicago, Milwaukee & St. Paul Railway and connecting lines to Teague, Tex., the appellant being the terminal carrier. A through bill of lading was issued at a specified rate of freight, amounting to $143. When the car reached Teague, appellant refused to accept said amount of freight, but demanded the sum of $136.08 additional to the amount named in the bill of lading, before it would deliver said goods. Appellee refused to pay said additional sum for several days, but finally paid it under protest, and the car of goods was turned over to him, when he discovered that part of his goods was missing. Thereupon he instituted this suit to recover the value of the missing goods, for extra expense occasioned by the delay in holding the car, and in addition thereto for a penalty for each day said goods were held, being for three days, and amounting in the aggregate to $429.

The jury returned the following verdict: "We, the jury, find in behalf of plaintiff a penalty of $125. We don't find in behalf of plaintiff any excessive freight charges. We find in behalf of plaintiff for said law books the sum of $201.50. We don't find in behalf of plaintiff any damages on piano or household goods. We find in behalf of plaintiff the sum of $57 as cost of hauling and delay of household goods," and judgment was entered accordingly.

Appellant excepted to that part of plaintiff's petition seeking to recover the penalty for failing to deliver the goods, which was overruled. Appellant also asked a special charge instructing the jury to the effect that plaintiff was not entitled to recover said pen-

---

alty, but the court refused said charge, and charged the jury that "if, then, you believe by a preponderance of the evidence herein that the plaintiff tendered to defendant the amount of freight charges due it for carrying the car containing defendant's goods, as shown by the bill of lading, and that the defendant refused to turn over defendant's said goods to him, you will find for plaintiff as to this item of damage in such an amount as the bill of lading showed to be due, for each day said goods were so withheld from plaintiff, after tender of payment, not to exceed, however, the sum of $429."

Appellant complains of the foregoing action of the court, and claims that, as the shipment was interstate, the law did not authorize the recovery of a penalty, as the law relating to such a shipment was in conflict with an act of Congress. The statutes provide for the assessment of a penalty against railroads for each day freight is held after the payment or the tender of freight charges is made, or the holding of freight for the collection of excess of freight thereon. See Sayles' Ann. Civ. St. Supp. 1897–1904, arts. 4502c-d-e. The contention of appellant that said penalty is not recoverable in this case is fully sustained by authority, the law being in conflict with Act Cong. Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), regulating commerce, and as to interstate shipments of freight, and we hold as to the penalty appellee could not recover. Railway Co. v. Hefley, 158 U. S. 98, 15 Sup. Ct. 802, 39 L. Ed. 910; Railway Co. v. Peters, 15 Tex. Civ. App. 515, 40 S. W. 429; Railway Co. v. Carden, 34 S. W. 145.

The evidence warrants the verdict for $201.50 for lost books and for $33 extra expense, aggregating $234.50.

The judgment is reformed and here affirmed for $234.50.